IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-03600-PAB-MEH

WILLIAM MONTGOMERY,

    Plaintiff,

v.

STEVEN GERDJIKIAN,
ADAM HUGHES,
CHAD WARNER,
SEAN MITCHELL,

    Defendants.

---

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 33]. The Recommendation addresses defendants' Motion to Dismiss [Docket No. 27]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[1]

This case arises out of plaintiff panhandling on private property. *See generally* Docket No. 22-1. The facts are set forth in the magistrate judge's recommendation, Docket No. 33 at 1-3, and the Court adopts them for the purposes of ruling on the objections. To the extent plaintiff disputes when he moved from private to public

---

[1] The Court assumes that the allegations in plaintiff's amended complaint are true in considering the motion to dismiss. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

property, the Court considers and resolves that issue below.

On December 7, 2020, plaintiff filed suit.  *See* Docket No. 1.  Plaintiff's amended complaint brings one claim for seizure of his person without reasonable suspicion or probable cause.  Docket No. 22-1 at 17.  Defendants filed a motion to dismiss plaintiff's claim on May 10, 2021 based on qualified immunity.  *See* Docket No. 27.  Magistrate Judge Hegarty issued a recommendation on defendant's motion on June 23, 2021.  *See* Docket No. 33.  Plaintiff filed an objection, *see* Docket No. 34, defendants responded do the objection, *see* Docket No. 35, and plaintiff filed a reply.  Docket No. 36.

## II.  LEGAL STANDARD

### A.  Objections to Magistrate Judge Recommendations

The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is "proper" if it is both timely and specific.  *United States v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996).  A specific objection "enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *Id.*  Because plaintiff is proceeding pro se, the Court will construe his objections and pleadings liberally without serving as his advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### B.  Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face."  *Khalik v. United Air Lines*, 671

F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible."  *RE/MAX, LLC v. Quicken Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)).  Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted).  However, a plaintiff still must provide "supporting factual averments" with his allegations.  *Cory v. Allstate Insurance*, 584 F.3d 1240, 1244 (10th Cir. 2009) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (citation omitted)).  Otherwise, the Court need not accept conclusory allegations.  *Moffet v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Khalik*, 671 F.3d at 1191 (quotations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements

3

necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alterations omitted).

### C. Qualified Immunity

"Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). A court should resolve questions of qualified immunity at the earliest possible stage of litigation. *Anderson v. Creighton,* 483 U.S. 635, 646 n.6 (1987). However, a plaintiff facing a qualified immunity challenge still does not have a heightened pleading standard. *Currier v. Doran,* 242 F.3d 905, 916-17 (10th Cir. 2001).

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, to survive a motion to dismiss under Rule 12(b)(6) "where a qualified immunity defense is implicated, the plaintiff 'must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights.'" *Hale v. Duvall*, 268 F. Supp. 3d 1161, 1164 (D. Colo. 2017) (quoting *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1249 (10th Cir. 2008)). When a defendant raises the defense of qualified immunity, a "plaintiff carries a two-part burden to show: (1) that the defendant's actions violated a federal constitutional or statutory right, and, if so, (2) that the right was clearly established at the time of the

defendant's unlawful conduct." *T.D. v. Patton*, 868 F.3d 1209, 1220 (10th Cir. 2017) (internal quotation marks omitted).  Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case." *Pearson*, 555 U.S. at 236.

## III. ANALYSIS

The magistrate judge recommends granting defendants' motion to dismiss and finding that defendants are entitled to qualified immunity because there was no violation of a Constitutional right.  Docket No. 33 at 11.  The magistrate judge additionally found that, even if there was a Constitutional violation, the law was not clearly established.  *Id.* at 13.  Plaintiff makes two objections: (1) plaintiff had already left private property when he was detained by defendants, and therefore defendants did not have reasonable suspicion that he was or intended to commit the crime of trespassing, and (2) law enforcement does not have the power to detain people in order to issue them notices banning them from private property.[2]  Docket No. 34 at 1-5.

The Aurora Municipal Code states:

> A person commits trespass if that person . . . [e]nters upon or refuses to leave any private property of another, when immediately prior to such

---

[2] Plaintiff does not object to the magistrate judge's recommendation that the case be dismissed as to defendants Hughes, Warner, and Mitchell.  In the absence of an objection, the Court has reviewed the magistrate judge's recommendation on claim three to satisfy itself that there is "no clear error on the face of the record."  Fed. R. Civ. P. 72(b), Advisory Committee Notes; *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").  Based on this review, the Court has concluded that this portion of the recommendation is a correct application of the facts and the law.

>entry or refusal to leave oral or written notice is given by the owner, a police officer or firefighter acting in the course of his or her employment or person responsible for the care of the property that such entry or continued presence is prohibited.

AURORA, COLO., CITY CODE § 94-71(a)(2).  Thus, before a person commits trespass, the owner, police officer, or fire fighter must provide notice that entry or continued presence is prohibited.  The complaint characterizes the interaction that plaintiff had with the security officers and the police officers as providing such notice to him.  *See* Docket 22-1 at 15 ("You can't detain somebody in order to get them a trespassing notice"); *id.* at 17 (arguing that police officers do not have authority to detain individual for purpose of issuing trespass warnings).

The Court "exercise[s its] sound discretion," *Pearson*, 555 U.S. at 236, in resolving this case on the second prong of qualified immunity, whether the federal right was clearly established.  "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains."  *Clark v. Wilson*, 625 F.3d 686, 690 (10th Cir. 2010) (quotation marks and citation omitted).  The Tenth Circuit has recognized that, "[e]ven when no precedent involves facts 'materially similar' to ours, the right can be clearly established if a precedent applies with 'obvious clarity.'"  *Lowe v. Raemisch*, 864 F.3d 1205, 1210 (10th Cir. 2017).  However, the Supreme Court has repeatedly stated that the law that must be clearly established should be particularized to the facts of the case.  *See White v. Pauly*, 137 S. Ct. 548, 552 (2017) ("Today, it is again necessary to reiterate the longstanding principle that clearly established law should not be defined at a high level

of generality. As this Court explained decades ago, the clearly established law must be particularized to the facts of the case." (internal quotations and citations omitted)).

Because the law must be particularized to the facts of the case, it must have been clearly established that defendants could not detain plaintiff while issuing him a trespassing notice.

Defendants filed a motion to dismiss based on qualified immunity. Docket No. 27 at 4. In light of defendants' invocation of qualified immunity, "plaintiff . . . [has the] burden to show . . . that the right was clearly established at the time of the defendant's unlawful conduct." *T.D.*, 868 F.3d at 1220 (internal quotation marks omitted). Plaintiff's response to the motion to dismiss cited several Florida cases, as well as *McCall v. Las Vegas Metro. Police Dep't,* 2020 WL 1433579 (D. Nev. 2020), for the proposition that police officers acting as the landowner's designee could not detain a person for issuance of a trespass warning. Docket No. 31 at 12, 14. None of these out-of-circuit district court cases are sufficient to find the law clearly established. *See Clark*, 625 F.3d at 690 ("Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." (quotation marks and citation omitted)). Plaintiff's objection similarly fails to cite relevant controlling Tenth Circuit or Supreme Court caselaw.[3] *See* Docket No. 34 at 3-4.

---

[3] Plaintiff's objection states that he cited *McCall* in his response to the motion to dismiss because "it was meant to show that other circuits, faced with the exact same issue, have *already* held such a violation to be clearly established, quoting *Florida v. Royer,* 460 U.S. 491 (1983) in the process." Docket No. 34 at 4. Merely citing a district court case that then cites a Supreme Court case is insufficient to satisfy plaintiff's burden to identify relevant authority.

Plaintiff's failure to cite controlling on-point caselaw, in the face of the assertion of qualified immunity, means that he has not carried his burden of proof. *See Est. of Vallina v. Petrescu*, 757 F. App'x 648, 651 n.1 (10th Cir. 2018) (unpublished) ("Because [defendant] asserted a qualified immunity defense in her motion to dismiss, plaintiffs bore the burden to demonstrate that both: (1) their factual allegations established a constitutional violation and (2) that the right was clearly established at the time of the alleged misconduct."); *Reinhardt v. Kopcow*, 66 F. Supp. 3d 1348, 1360 (D. Colo. 2014) (plaintiffs' failure to cite caselaw showing the right was clearly established was "fatal" to the claim).

Even if the Court considered the non-binding district court cases cited by plaintiff, the Court finds them distinguishable. The Aurora City Code differs from the ordinances in the cases cited by plaintiff because the Aurora City Code permits a law enforcement officer "acting in the course of his or her employment" to issue trespass notices. AURORA, COLO., CITY CODE § 94-71(a)(2). In contrast, the Nevada statute at issue in *McCall*, 2020 WL 1433579 at *2 n.1, states that a person commits a trespass by willfully going onto another's property "after having been warned by the owner or occupant thereof not to trespass." There is no analogous role for law enforcement in the Nevada statute. Similarly, the Florida cases cited by plaintiff stand for the proposition that, in Florida, "a police officer may initiate a consensual encounter to issue a trespass warning if he has been authorized to do so by the property owner, but he may not detain or arrest for trespass." *Henning v. Casey*, 2017 WL 5241415, at *8 (M.D. Fla. Mar. 30, 2017) (quoting *D.T. v. State*, 87 So. 3d 1235, 1239 (Fla. Dist. Ct. App. 2012)). The Aurora ordinance does not require that a property owner authorize a police officer to

issue a trespass warning, as is required in Florida. The cases cited by plaintiff apply statutes that differ from the Aurora ordinance in a notable aspect, namely, the Aurora ordinance gives police officers authority to issue written trespass notices.

It is true that the Aurora ordinance does not state that an officer can detain an individual in order to issue the person a written trespass notice. However, plaintiff has not shown how cases that apply ordinances that differ from Aurora's ordinance clearly establish the right to remain free from detention while being issued a trespass notice. *See Lowe*, 864 F.3d at 1210 ("Even when no precedent involves facts materially similar to ours, the right can be clearly established if a precedent applies with obvious clarity." (internal quotation marks omitted)). Additionally, the Court does not find that it was "beyond debate" that defendants could not briefly detain plaintiff when the ordinance permits officers to issue written trespass notices. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) ("[E]xisting precedent must have placed the statutory or constitutional question beyond debate.").

In addition to evaluating the cases cited by plaintiff, the Court's own review has not located any opinions that would support finding the right to remain free from detention while being issued a trespass notice under an ordinance that permits an officer to issue a written trespass notice is clearly established. *See Williams v. Hansen*, 5 F.4th 1129, 1133 (10th Cir. 2021) ("In determining whether a right is clearly established, we are conducting de novo review of a legal issue, which requires consideration of all relevant case law."). Because the right was not clearly established,

the Court will grant defendants qualified immunity and overrule plaintiff's objections.[4]

## IV. CONCLUSION

It is therefore

**ORDERED** that plaintiff's Objection to Magistrate Judge's Recommendation to Grant Defendants' Motion to Dismiss [Docket No. 34] is **OVERRULED**.  It is further

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 33] is accepted.  It is further

**ORDERED** that the defendants' Motion to Dismiss Amended Complaint [Docket No. 27] is **GRANTED**.  It is further

**ORDERED** that this case is **DISMISSED with prejudice**.

DATED March 16, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[4] Plaintiff's objection that there was no reasonable suspicion to detain him, Docket No. 34 at 1-3, fails given the Court's conclusion that it was not clearly established that the officers were not permitted to detain plaintiff while he was issued a trespass notice.